**Order entered July 10, 2013**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01079-CR
### No. 05-12-01080-CR

### KEITH BRONSHA PAUL, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 7**
**Dallas County, Texas**
**Trial Court Cause Nos. F11-41122-Y, F10-42448-Y**

## ORDER

The Court **REINSTATES** the appeals.

On April 18, 2013, we ordered the trial court to make findings regarding whether appellant filed a motion to suppress that encompassed both cases, whether the trial court made findings of fact and conclusions of law regarding the motion for both cases, and whether a hearing was conducted on the basis of a written motion in either case. We **ADOPT** the trial court's findings that: (1) on July 19, 2012, a suppression hearing was conducted on the basis of a written motion to suppress in both trial court numbers F11-41122 and F10-42448; (2) the written motion was referenced during the suppression hearing as well as during appellant's guilty plea hearing; (3) the written motion to suppress was filed with the district court clerk on April 10,

2013; (4) during the guilty plea hearing in both cases, the trial court explained to appellant that he could appeal the motion to suppress in both cases; (5) the original findings of fact filed on July 19, 2012 erroneously omitted trial court number F10-42448; (6) on April 10, 2013, the trial court issued amended written findings of fact and conclusions of law that include both trial court numbers; and (7) the trial court made an docket entry on April l9, 2013 stating its original intent to include both case numbers on the motion to suppress hearing held on July 19, 2012.

Included in the supplemental clerk's record in each case is appellant's motion to suppress and the trial court's amended findings of fact and conclusions of law. Additionally, on June 9, 2013, we received the reporter's record of the July 19, 2012 suppression hearing.

We **ORDER** appellant to file his brief within **THIRTY DAYS** of the date of this order.

We **DIRECT** the Clerk to send copies of this order, by electronic transmission, to counsel for each party.

/s/    DAVID EVANS
         JUSTICE